IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JESUS JULIAN CORONA-PEREZ, § | |
| #60496-280, § | |
|     Movant, § | |
| § | CIVIL NO. 3:21-CV-2139-B-BT |
| v. § | CRIMINAL NO. 3:17-CR-392-B-1 |
| § | |
| UNITED STATES OF AMERICA, § | |
|     Respondent. § | |

**MEMORANDUM OPINION AND ORDER**

Movant Jesus Julian Corona-Perez ("Corona-Perez") filed a *pro se Motion Under 28 U.S.C. Section 2255, to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*, received on September 8, 2021 (Doc. 2). Based on the relevant filings and applicable law, Corona-Perez's motion is **DISMISSED** without prejudice as moot and for failure to prosecute.

**I.    BACKGROUND**

On July 25, 2017, Corona-Perez was charged by indictment with one count of illegal reentry after removal from the United States, in violation of 8 U.S.C. § 1326(a) and (b)(1). (*See* Crim. Doc. 1.) He pled guilty to the single-count indictment, and by judgment dated July 12, 2018, he was sentenced to a term of 70 months' imprisonment and no term of supervised release. (*See* Crim. Docs. 16, 40.) The judgment was affirmed on appeal. (*See* Crim. Docs. 52, 53.) The Supreme Court denied his petition for a writ of certiorari on October 5, 2020. *See Corona-Perez v. United States*, 141 S. Ct. 293 (2020).

Corona-Perez filed this timely § 2255 motion on September 8, 2021, claiming that: (1) counsel rendered ineffective assistance during sentencing; (2) his sentence was unconstitutional

1

based on the subsequent decision by the Supreme Court in *Borden v. United States*, 593 U.S. ----, 141 S. Ct. 1817 (2021); (3) counsel rendered ineffective assistance by failing to challenge the constitutionality of the statute under which he was convicted; and (4) his conviction violated the Equal Protection Clause of the Fifth Amendment. (*See* Doc. 2 at 7-8.) The Government filed a response on November 10, 2021. (*See* Doc. 5.) Despite receiving an extension to file a reply to the Government's response, Corona-Perez did not file a reply. (*See* Docs. 6, 7.) On November 15, 2022, Corona-Perez was released from the custody of the Bureau of Prisons ("BOP"). *See* BOP Inmate Locator, *available at* https://www.bop.gov/inmateloc/ (last visited December 18, 2023).

## II. MOOTNESS

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980). A case or controversy becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.* at 396 (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)) (internal quotation marks omitted).

> This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate. . . .  The parties must continue to have a "personal stake in the outcome" of the lawsuit.  This means that, throughout the litigation, the plaintiff "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision."

*Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (internal quotation marks and citations omitted); *see also United States v. Sosebee*, 59 F.4th 151, 154 (5th Cir. 2023). If a controversy becomes moot, the case is dismissed for lack of subject-matter jurisdiction. *See Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477-78 (1990).  In the habeas context, a movant's release from custody does not necessarily render a habeas petition moot.  *See Spencer*, 523 U.S. at 7. A movant's release from custody can render a

petition moot, however, "when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Sosebee*, 59 F.4th at 154 (quoting *Knox v. Serv. Emps. Int'l Union, Local 1000*, 567 U.S. 298, 307 (2012)) (internal quotation marks omitted).

Here, the record and BOP website show that Corona-Perez completed his sentence for the instant offense and was released from BOP custody on November 15, 2022, he had no term of supervised release following his term of imprisonment, and he has been or will be deported. *See generally* Fed. R. Evid. 201 (authorizing a district court to take judicial notice of facts not subject to reasonable dispute and capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned). Because he has fully discharged his term of imprisonment, is not serving any term of supervised release, and has not indicated any collateral consequences resulting from his conviction, "even a favorable determination in this action will have no impact on his sentence, meaning it is 'impossible for [us] to grant any effectual relief' to him."[1] *Sosebee*, 59 F.4th at 155 (quoting *Knox*, 567 U.S. at 307). Accordingly, the § 2255 motion is subject to dismissal without prejudice as moot.

Additionally, since his release from BOP custody, Corona-Perez has failed to update his address with the Court and has not communicated with the Court in either this habeas action or

---

[1] Even assuming for purposes of this motion only that Corona-Perez's challenge to the constitutionality of his statute of conviction under the Equal Protection Clause of the Fifth Amendment was not moot under *Spencer*, his conclusory claim is procedurally barred because he did not raise it on direct appeal and is without merit; it therefore does not warrant § 2255 relief. *See Spencer*, 523 U.S. at 8 ("[W]e have been willing to presume that a wrongful criminal conviction has continuing collateral consequences (or, what is effectively the same, to count collateral consequences that are remote and unlikely to occur)" that survive the expiration of a prisoner's sentence); *United States v. Barcenas-Rumualdo*, 53 F.4th 859, 863-67 (5th Cir. 2022) (holding that illegal reentry statute does not violate the Equal Protection Clause); *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001).

the underlying criminal action since December 8, 2021. *See* Doc. 6. His § 2255 motion is therefore also subject to dismissal without prejudice for want of prosecution and failure to comply with court rules under Federal Rule of Civil Procedure 41(b). *See* Doc. 3; *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (stating that a district court has the inherent authority to dismiss an action *sua sponte* under Federal Rule of Civil Procedure 41 for failure to prosecute or follow orders of the court).

### III.   CONCLUSION

For the foregoing reasons, Corona-Perez's *pro se Motion Under 28 U.S.C. Section 2255, to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*, received on September 8, 2021 (Doc. 2), is **DISMISSED** without prejudice as moot and for failure to prosecute.

SO ORDERED this 27th day of December, 2023.

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE